UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAINT FORGIVEN JAMES,

                      Plaintiff,

        v.

KING COUNTY CRISIS AND
COMMITMENT SERVICES,

                      Defendant.

Case No. C20-1867-MLP

ORDER

## I.      INTRODUCTION

This matter is before the Court on King County Crisis and Commitment Services' ("KCCCS") Motion to Dismiss ("Defendant's Motion"). (Def.'s Mot. (Dkt. # 6) at 1.) Plaintiff Saint Forgiven James ("Plaintiff") failed to oppose Defendant's Motion, but Defendant filed a reply. (Def.'s Reply (Dkt. # 10).) Neither party requested oral argument. Having considered the parties' submissions, the balance of the record, and the governing law, Defendant's Motion (dkt. # 6) is GRANTED and this action is DISMISSED with prejudice.

## II.      BACKGROUND

On September 9, 2020, Plaintiff, proceeding *pro se*, originally filed this action in King County Superior Court before Defendant removed this matter to this Court on December 30,

2020. (Def.'s Not. of Removal (Dkt. # 1 at 1).) In an attached complaint, Plaintiff alleges that

from October 25, 2018, through November 13, 2018, Plaintiff was detained against his will at

Harborview Medical Center ("Harborview") and Navos Psychiatric Hospital ("Navos"). (Pl.'s

Compl. (Dkt. # 1-1) at 2.) Plaintiff alleges that on October 25, 2018, KCCCS Designated Crisis

Responder Donna Ajmi at Harborview found Plaintiff was "gravely disabled" pursuant to RCW

71.05 and RCW 71.34 and that he should be involuntarily committed. (*Id.* at 3.) Plaintiff alleges

he was shuttled around to various interviews at Harborview before being "tricked into being

detained" by Harborview's psychiatric ward after a King County Superior Court judge ordered

he be involuntarily committed. (*Id.* at 4.)

On October 26, 2018, Plaintiff alleges he was sent to Navos after a 24-hour stay at

Harborview. (Pl.'s Compl. at 4.) Plaintiff alleges he was held at Navos until November 13, 2018,

under a false accusation of having an unspecified mental illness. (*Id.*) He alleges Navos lied

about his attendance at video hearings that occurred on October 30, 2018, November 6, 2018,

and November 13, 2018, before a King County Superior Court judge ordered him released based

on a voluntary dismissal of his case. (*Id.* at 4-5.) Plaintiff alleges both Harborview and Navos

had no evidence of "any likelihood of serious harm" or evidence of him being "gravely disabled"

necessary to detain him. (*Id.*)

Plaintiff's complaint alleges several claims regarding violations of his civil rights,

including: (1) being "deprived of life and liberty" while he was detained against his will; (2)

violations of his First Amendment rights to religion and speech; (3) emotional distress and

character defamation "on myself and my family for [being] falsely accused and labeled with

some unspecified mental illness, missed time-off from not working, medical bills, and potential

bodily-harm (and overall stress) from being forced to take unexplained medications . . . against

my will." (Pl.'s Compl. at 5.) Plaintiff alleges that he lost his ministry job while he was committed, resulting in a loss of income. (*Id.*) Plaintiff additionally alleges Navos has four of his personal belongings, which Navos was unable to locate for him and has not allowed him to look for personally due to security reasons. (*Id.*) Plaintiff requests compensatory damages in the amount of $1,500,000.00 and court costs. (*Id.* at 6.)

On January 6, 2021, Defendant filed its Motion. (Def.'s Mot.) After Plaintiff failed to respond, Defendant file its reply on January 29, 2021. (Def.'s Reply.) This matter is now ripe for review.

## III.    LEGAL STANDARD

### A.    Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

**B.    Section 1983 Claims**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of his rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused or personally participated in the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act he was legally required to do that caused the deprivation complained of. *Id.* (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## IV.    DISCUSSION

**A.    Improper Defendant**

Plaintiff names KCCCS as a Defendant in this action. As noted previously, § 1983 solely applies to the actions of "persons" acting under the color of state law. The Supreme Court has previously made clear that states, and state agencies, are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 65, 71 (1989); *see also Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019) ("Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983.").

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983

1   must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan Cty.*

2   *Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694).

3          KCCCS is an entity of King County and, therefore, is not a proper defendant in this

4   action. *See Nolan v. Snohomish County.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal

5   action involving a county, the county itself is the only legal entity capable of suing and being

6   sued."). Additionally, there is no evidence the State of Washington has waived its Eleventh

7   Amendment immunity in federal courts. Plaintiff also fails to identify any King County "policy"

8   or "custom" that caused his injury. Plaintiff alleges in his Complaint that, "[t]he larger picture is

9   both hospitals' policy and procedures are a threat to public safety and welfare and violations of

10  our constitutional freedoms." (Pl.'s Compl. at 6.) Nevertheless, Plaintiff fails to name King

11  County nor cite to any specific policies or procedures that he claims threatens public safety or

12  caused him injury. Therefore, KCCCS, as an arm of the State of Washington, cannot be sued

13  under § 1983.

14          **B.      Heck Bar**

15          In addition to failing to name a proper Defendant, Plaintiff has not adequately alleged any

16  cognizable claim for relief under § 1983 for issues directly arising from his involuntary

17  commitment. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held

18  that a § 1983 claim that calls into question the lawfulness of a plaintiff's confinement does not

19  accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or

20  impugned by the grant of a writ of habeas corpus." *Id.* at 489; *see also Hooper v. Cty. of San*

21  *Diego*, 629 F.3d 1127, 1130 (9th Cir. 2011) ("When a plaintiff who has been convicted of a

22  crime under state law seeks damages in a § 1983 suit, 'the district court must consider whether a

23  judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence.' If the answer is yes, the suit is barred." (quoting *Heck*, 512 U.S. at 487). The Ninth Circuit has previously held that the favorable termination principles of *Heck* apply to detainees under an involuntary civil commitment where judgment in favor of the detainee would necessarily imply the invalidity of his civil commitment. *Huftile v. MiccioFonseca*, 410 F.3d 1136, 1140-41 (9th Cir. 2005); *see Duncan v. Walker,* 533 U.S. 167, 176 (2001) (finding detainees under an involuntary commitment may use 28 U.S.C. § 2254 habeas petition to challenge confinement as a state court order of civil commitment satisfies § 2254's "in custody" requirement).

As liberally construed from the face of Plaintiff's complaint, a significant portion of the claims asserted by Plaintiff concern issues surrounding a King County Superior Court judge's ruling involuntarily committing him. (*See* Pl.'s Compl. at 3-6.) If such claims were resolved in Plaintiff's favor, they would necessarily call into question the lawfulness of his previous civil commitment. *See Heck*, 512 U.S. at 487; *Huftile*, 410 F.3d at 1140-41. However, nothing in Plaintiff's complaint suggests that his previous civil commitment has been reversed, expunged, or invalidated by a previous grant of habeas corpus. Therefore, Plaintiff's claims related to his involuntary commitment have not yet accrued, and therefore, are not yet cognizable in a § 1983 civil rights action.

## C.      Leave to Amend

Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015); *see also Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).

ORDER - 6

1    Regardless of how Plaintiff might amend his complaint, no additional allegations could

2    cure the jurisdictional defects present in his claims. Accordingly, the Court concludes that it

3    would be futile to allow Plaintiff to amend his complaint against KCCCS, and therefore, declines

4    to grant Plaintiff leave to amend.

5                                **V.    CONCLUSION**

6         For the foregoing reasons, the Court hereby orders:

7         (1)    Defendant's Motion (Def.'s Mot. (dkt. # 6)) is GRANTED, and this case is

8                DISMISSED with prejudice;

9         (2)    The Clerk is directed to send copies of this Order to the parties.

10

11        Dated this 2nd day of February, 2021.

12

13

14                                            _____
                                              MICHELLE L. PETERSON
15                                            United States Magistrate Judge

16

17

18

19

20

21

22

23